

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Marvin Aspen | Sitting Judge If Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 2320 | **DATE** | 7/17/2003 |
| **CASE TITLE** | Christopher Evans vs. Blair J. Leibach, Warden | | |

**MOTION:**

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1)  ☐  Filed motion of [ use listing in "Motion" box above.]

(2)  ☐  Brief in support of motion due _____.

(3)  ☐  Answer brief to motion due_____.  Reply to answer brief due_____.

(4)  ☐  Ruling/Hearing on _____ set for _____ at _____.

(5)  ☐  Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6)  ☐  Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7)  ☐  Trial[set for/re-set for] on _____ at _____.

(8)  ☐  [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9)  ☐  This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10)  ■  [Other docket entry]    Enter Memorandum Opinion and Order: We find that misunderstanding a procedural rule is insufficient to constitute cause to review a procedurally defaulted claim, thus we need not address Evans's prejudice arguments. The absence of supporting evidence or affidavits other than those of Evans compels us to find that he has not offered clear and convincing evidence of his innocence. Therefore, we conclude that Evans' procedurally defaulted arguments are not entitled to further review. We deny Evans' petition for writ of habeas corpus. The status hearing set for 7/31/03 is stricken.

(11)  ■  [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | **Document Number** |
| ✓ | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | JUL 1 8 2003 date docketed | |
| | Docketing to mail notices. | | | 16 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 7/17/2003 | |
| GL | courtroom deputy's initials | | date mailed notice | |
| | | | GL | |
| | | | mailing deputy initials | |

U.S. DISTRICT COURT
CLERK

03 JUL 18 AM 8:18

FILED ED 16

Date/time received in
central Clerk's Office

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

Christopher EVANS,                    )
          Petitioner,        )
                         )
     vs.                              )     No. 03 C 2320
                         )
Blair J. LEIBACH, Warden,             )
          Respondent.       )



DOCKETED
JUL 1 8 2003

## MEMORANDUM OPINION & ORDER

MARVIN E. ASPEN, District Judge.

Petitioner, Christopher Evans, is currently incarcerated at the Danville Correctional Center in Danville, Illinois, where he is in the custody of Respondent Warden Blair J. Leibach. Currently before is Evans' petition for writ of habeas corpus. For the following reasons, we deny Evans' petition.

## I.    BACKGROUND

Christopher Evans was convicted of first degree murder following a bench trial in April 1998. His conviction and 35-year sentence were affirmed on direct appeal, in which he argued for a reduced sentence. His subsequent petition for leave to appeal was denied on January 10, 2000.

Evans filed a pro se petition for post-conviction relief on July 21, 2000 in the Circuit Court of Cook County, alleging constitutional violations of his Fifth, Sixth and Fourteenth Amendment rights due to ineffective trial counsel and improper procedure during his custodial interrogation.[1] His petition was dismissed as frivolous on August 9, 2000. Evans' appeal of this decision to the Illinois Appellate Court argued that his petition for post-conviction relief stated the gist of a meritorious constitutional claim, and that the circuit court erred in denying his request for additional time to supplement his petition. The appellate court affirmed the circuit court's dismissal on March 18, 2002. Evans' petition for rehearing was denied on April 24, 2002.

---

[1]Petitioner alleged his trial counsel was ineffective because she did not interview a potential alibi witness and did not call a defense witness who had informed his counsel that the state's sole eyewitness could not have seen the events of the shooting. He claimed that his rights as a juvenile were violated during his initial interrogation because he was not informed that his guardian could be present and that he had a right to counsel.

Evans subsequently filed a Petition for Leave to Appeal the appellate court decision with the Illinois Supreme Court, alleging that the appellate court erred on the following four grounds: (1) that it errantly denied his petition based on the absence of witnesses' affidavits to support his claims; (2) that it failed to infer a reason behind his request to amend; (3) that it failed to allow him time to amend and supplement his petition; and (4) that it violated his right to due process by applying an incorrect standard of review in dismissing his petition. The Illinois Supreme Court denied Evans' petition on October 2, 2002. Evans filed the instant petition for writ of habeas corpus on April 3, 2003.

## II.      DISCUSSION

### A.      Standard of Review

Petitions for habeas corpus relief may be filed in a district court under Section 2254 as amended by the Antiterrorism and Effective Death Penalty Act ("AEDPA"), on the grounds that a person in state custody was convicted in violation of the Constitution, laws, or treaties of the United States. *See* 28 U.S.C. §2254(a). Federal habeas relief is granted to petitioners who can establish that the state court's adjudication of the claim was "contrary to or involved an unreasonable application of clearly established federal law." *Id. at* §2254(d)(1). Relief may also be granted where the state court's decision "was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." *Id.* at §2254(d)(2).

The Supreme Court has defined the "contrary to" and "unreasonable application" clauses as encompassing two types of error that will cause a writ to issue. *See Williams v. Taylor*, 120 S.Ct. 1495, 1516 (2000). The "contrary to" clause refers to state court decisions that oppose law announced by the Supreme Court. *See id.* at 1519. The "unreasonable application" clause governs all alleged errors in the state court's construction of facts as they apply to relevant Supreme Court precedent. *See id.* at 1520. Thus, a state court's erroneous application of the law must also be unreasonable to establish grounds for federal habeas relief. *See id.* at 1522.

Before a court can review the merits of a habeas petition it must conclude that the claims raised are both cognizable on habeas review and are not procedurally defaulted. Only federal law can base habeas relief, thus claims that a state court erred in applying its own law are not cognizable on habeas

review. *See Jones v. Thieret*, 846 F.2d 457, 459 (7th Cir. 1988); *see also Zamora v. Pierson*, 158 F.Supp.2d 830, 835 (N.D. Ill. 2001). To raise a cognizable claim, a petitioner must allege an independent constitutional violation. *See Montgomery v. Meloy*, 90 F.3d 1200, 1206 (7th Cir. 1996). Furthermore, alleged errors of state collateral proceedings cannot form the basis for habeas relief unless those proceedings violate an independent constitutional right. *See id.*

A claim is procedurally defaulted where the petitioner has not exhausted all available state remedies. *See Moleterno v. Nelson*, 114 F.3d 629, 633-34 (7th Cir. 1997). To avoid procedural default, a state prisoner must fully and fairly present his constitutional claims in state court, which requires that operative facts and controlling legal principles be submitted to the court. *See Wilkinson v. Cowan*, 231 F.3d 347, 350 (7th Cir. 2000). To exhaust state remedies, petitioners must pursue claims on discretionary review when such review is part of the state's ordinary appellate process. *See O'Sullivan v. Boerckel*, 526 U.S. 838 at 847-48 (1999).

### B.    Analysis

Petitioner sets forth eight claims in support of his petition for writ of habeas corpus that may be reduced to four core arguments. First, Evans argues that his rights were violated during his custodial interrogation because neither he nor his guardian were informed that his guardian could be present. Second, he argues that his trial counsel was ineffective in failing to call a witness to refute identification testimony and failing to interview and call a potential alibi witness. Third, Evans claims the appellate court erred in its evaluation of his pro se post-conviction petition in three ways: (1) by applying the wrong standard of review; (2) by affirming the denial of his request to amend his petition, and; (3) by affirming the dismissal of his petition based on his omission of relevant witnesses' affidavits. Fourth, Evans argues that his appellate counsel was ineffective by failing to challenge the circuit court's denial of his motion to quash his arrest and suppress statements, and by failing to challenge the sufficiency of the state's evidence.

Evans' first two arguments – that his rights were violated during his custodial interrogation and that his trial counsel was ineffective – are procedurally defaulted, because he did not exhaust all possible state remedies. *See Rodriguez v. Peters*, 63 F.3d 546, 555 (7th Cir. 1995). Though the petitioner

presented these claims in both his post-conviction petition and in his appeals to the appellate court, he neglected to do so in his Petition for Leave to Appeal to the Illinois Supreme Court. Petitioner, however, argues that by stating the substance of these claims in the statement of the facts portion of his Petition for Leave to Appeal, he fairly presented them to the court. He also argues his Petition for Leave to Appeal was premised on these two arguments, thus they were fairly presented to the court. However, these claims must have been stated explicitly to satisfy the fair presentment requirement. It is insufficient that they were the basis of his stated claims and contained within the petition's text. *See O'Sullivan*, 526 U.S. at 847-48. They were not fairly presented to appropriate state forums and are therefore procedurally defaulted. *See id.; see also White v. Godinez*, 192 F.3d 607, 608 (7th Cir. 1999).

Evans' third argument alleges that the appellate court violated his constitutional rights to due process and equal protection by failing to follow Illinois's post-conviction procedure under the Post-Conviction Hearing Act ("Act"), 725 Ill. Stat. Ann. §5/122-2. This argument is not cognizable under federal habeas review. Federal claims must form the basis for a habeas petition, independent of claims of violations of state collateral proceedings. *See Montgomery*, 90 F.3d at 1206. Petitioner fails to set forth a constitutional violation independent of error in state collateral proceedings.[2]

Evans' fourth and final argument is that his appellate counsel was ineffective by challenging neither the circuit court's denial of his motion to quash his arrest and suppress statements nor the sufficiency of the state's evidence. This claim, like Petitioner's first two allegations, are procedurally defaulted. Petitioner himself admits that these claims were not explicitly stated in any part of his state court filings. As stated earlier, arguments must be explicit to satisfy the fair presentment requirement. *See O'Sullivan*, 526 U.S. at 847-48. Since these allegations were never explicitly presented, Evans' claim of ineffective appellate counsel is procedurally defaulted. *See Rodriguez*, 63 F.3d at 555.

---

[2]Petitioner's contention that the appellate court should have applied a "gist of a constitutional claim" standard instead of a "substantial showing" standard of review fails because the existence of this component of a post-conviction proceeding is a product of Illinois state law. See §5/122-2. Similarly, the basis for the appellate court's dismissal of his petition and whether the court correctly denied the petitioner time to amend are issues indivisible from procedures established by the state. Because state law established the due process and equal protection rights Evans claims were violated, they are not cognizable under federal habeas review.

This Court may still consider the merits of Evans' procedurally defaulted claims on two possible grounds. First, review is possible if he has shown cause for the default and that actual prejudice resulted. *See Wainwright v. Sykes*, 433 U.S. 72, 87, 97 (1977); *see also Farrell v. Lane*, 939 F.2d 409, 411 (7th Cir. 1991). Second, review is possible if a lack thereof would result in a "fundamental miscarriage of justice." *See Schlup v. Delo*, 513 U.S. 298, 314-15 (1995).

To show cause, a petitioner must show that an objective factor external to the defense obstructed his efforts to present all federal claims in state court. *See Murray v. Carrier*, 477 U.S. 478, 488-89 (1986). Objective impediments to complying with a procedural rule that would constitute cause include a showing that the factual or legal basis for a claim was not reasonably available to counsel, or that some interference by officials made compliance impracticable. *See id.* at 488. Petitioner claims that Illinois Supreme Court Rule 315(b) is unclear as to how to seek review of the appellate court's affirmation of the dismissal of his initial pro se post-conviction petition in a way that will preserve his claims for federal habeas review. We find that misunderstanding a procedural rule is insufficient to constitute cause to review a procedurally defaulted claim, thus we need not address Evans' prejudice arguments. *See id.*

Petitioner also argues that refusing review would result in a fundamental miscarriage of justice. *See Schlup*, 513 U.S. at 314-15. In order to demonstrate that a fundamental miscarriage of justice would occur, the petitioner must show that a constitutional violation resulted in the conviction of one who is actually innocent by presenting clear and convincing evidence that, but for the alleged error, no reasonable juror would have convicted him. *See Dellinger v. Bowen*, 301 F.3d 758, 767 (7th Cir. 2002). The absence of supporting evidence or affidavits other than those of Evans compels us to find that he has not offered clear and convincing evidence of his innocence. Therefore, we conclude that Evans' procedurally defaulted arguments are not entitled to further review.

## III. CONCLUSION

For the foregoing reasons, we deny Evans' petition for writ of habeas corpus. It is so ordered.

MARVIN E. ASPEN
United States District Judge

Dated ___7/17/03___